13471

CHANDLER v. ABNEY ET AL.

(165 S. E., 190)

528

*Messrs. Richey & Richey* and *Haynsworth & Haynsworth*, for appellant,

*Messrs. W. L. Daniel* and *Blackwell, Sullivan & Wilson*, for respondents,

August 15, 1932.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by the plaintiff, W. Rex Chandler, suing on behalf of himself and all other depositors in the Bank of Cross Hill, of Cross Hill, S. C., was instituted in the Court of Common Pleas of Laurens County, January 12, 1929, against the defendants, J. P. Abney, J. H. Atchison et al., of whom C. D. Nance and T. M. Pinson, as administrators of the estate of J. H. Miller, deceased, and Lidie E. Miller, as executrix of the estate of W. M. Miller, deceased, are

respondents before this Court. As indicated in the title, the suit is for the purpose of recovery of the stockholders' liability against the stockholders of said bank. The substantive allegations in the complaint necessary for an understanding of the questions involved, briefly stated, are as follows:

Dr. J. H. Miller, one of the stockholders of the Bank of Cross Hill, died intestate December 13, 1927, owning thirty shares of the capital stock of said bank at the par value of $100.00 per share; and on or about the 18th day of April, 1928, C. D. Nance and T. M. Pinson were appointed administrators of the estate of the said Dr. J. H. Miller. While acting as such administrators, on October 18, 1928, the said C. D. Nance and T. M. Pinson caused the said thirty shares of stock in the said bank to be transferred to one J. C. Suell, and that at the time the said stock was so transferred the said bank was insolvent, which alleged fact the said C. D. Nance and T. M. Pinson are alleged to have known, and, further, that the said J. C. Suell was not financially responsible. It is also alleged that the said T. M. Pinson was in addition to being one of the administrators of the said estate also a director of the said bank. The plaintiffs further allege that the transfer of the said stock was not made in good faith and was made for the purpose of evading the liability of the estate of the said Dr. J. H. Miller as a stockholder, and that the transfer of said stock, as aforesaid, was in violation of the statutory law of this State and was in violation of the Statute of Elizabeth, and, further, that the said transfer was fraudulent and made for the purpose of hindering and delaying the plaintiff and all other depositors of the said bank in the enforcement of their rights against the said estate. It is also alleged in the complaint that at the time of the death of the said J. H. Miller he had on deposit in said bank the sum of $9,814.07 and that the administrators of said estate drew out of said bank about half of that amount October 9, 1928, and the balance January 2, 1929. Judgment was asked against the estate of J. H. Miller in the sum of $3,000.00 and interest.

It is further alleged in the complaint that W. M. Miller died testate September 16, 1926, naming as his executrix his wife, Lidie E. Miller, who qualified as such executrix and entered upon the discharge of her duties; that at the time of the death of the said W. M. Miller he was the owner of six shares of the capital stock of the said Bank of Cross Hill, at the par value of $100.00 per share. In this connection it is alleged in the complaint that the said stock of six shares was transferred on the books of the bank to the estate of the said W. M. Miller, deceased, on or about November 3, 1928, and that later the executrix, the said Lidie E. Miller, caused the said six shares of stock to be transferred to one R. W. Griffin. It is further alleged in the complaint that the said Lidie E. Miller, at the time of the said transfer to R. W. Griffin, knew of the insolvent condition of the bank and also knew that R. W. Griffin was not financially responsible; and that the transfer was not made in good faith but that it was made for the purpose of evading the liability of the estate of the said W. M. Miller as a stockholder; and alleged that the transfer was in violation of the statutory law of this State and in violation of the Statute of Elizabeth; that the transaction was fraudulent and was made for the purpose of hindering and delaying the plaintiff, along with all of the other depositors of the said bank, in the enforcement of their rights as such depositors against the estate of the said W. M. Miller, and the plaintiff asked judgment against the estate of W. M. Miller in the sum of $600.00 and interest.

The defendants, C. D. Nance and T. M. Pinson, as administrators of the estate of J. H. Miller, in their answer to the allegations of the complaint, admitted the general allegations; but they specifically denied that they had any knowledge of the insolvency of the bank in question or that the transfers were made to avoid liability or in any way to hinder and delay the plaintiff in collecting the stockholders' liability, and further answering the complaint the defend-

ants set up the defense that they were charged with liquidating all assets of the said estate of Dr. J. H. Miller, deceased, and, further, that they acted under the order of the Probate Court of the said County of Laurens, in which order they were directed to sell all of the stocks of the said estate, including the stock in question; that they endeavored in good faith to dispose of all property held by the Dr. Miller estate and to convert the same into cash, and in endeavoring to carry out said purpose and acting under the authority of the said order, they, as such administrators, proceeded to sell all of the stock of the said estate, including the stock of the said bank, and asked that the complaint be dismissed as to them.

The answer of the defendant Lidie E. Miller, as executrix of the last will and testament of W. M. Miller, deceased, was similar to that of the answer of the defendants C. D. Nance and T. M. Pinson, as administrators of estate of J. H. Miller, deceased.

By consent of the parties the cause was referred to R. W. Wade, Esq., as special referee, who held references in the cause and took the testimony offered. Thereafter, Mr. Wade, as special referee, filed his report, finding in favor of the plaintiff against C. D. Nance and T. M. Pinson, as administrators of the estate of Dr. J. H. Miller, deceased, and against Lidie E. Miller, as executrix of the estate of W. M. Miller, deceased, in accordance with the prayer of the complaint, but specifically held that there was no intentional wrong on their part. Exceptions to this report were filed and the matter was thereafter heard on the exceptions by his Honor, Judge C. C. Featherstone, who, after due consideration, reversed the finding and holding of the special referee and issued a decree to that effect, dismissing the complaint as to the estates of Dr. J. H. Miller and W. M. Miller, from which decree the plaintiff appealed to this Court.

After a careful study of the entire case, it is our opinion that Judge Featherstone reached the proper conclusion in

534

the case, and for the reasons assigned by him in his decree the judgment of the lower Court is hereby affirmed.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE STABLER concur.

MR. JUSTICE BONHAM (concurring) : I concur in the result of the case. It is questionable whether when the order for the sale of the stock was obtained from the Judge of Probate, the bank was then insolvent and that the administrators knew it.